PD-1246-15

Clerk, Court of Criminal Appeals,                                    9-15-15

First off, thank you for your time. To be honest I am not sure if I am going about this the, correct way or not. Please excuse my ignorance, I have enclosed some copies, I think with in accordance of T.R.A.P. 10.2, and they are my only copies. Could you please, if allowed, make copies and send me back the original copies. I am, in due diligence, learning as fast as I can.

thank you + God Bless

Michael Boydston

Michael Darren Boydston #1954691
Michael Unit
2664 FM. 2054
Tennessee Colony, Tx. 75886

FILED IN
COURT OF CRIMINAL APPEALS

SEP 23 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 21 2015

Abel Acosta, Clerk

No. 10-14-00310-CR

In the
Court of Criminal Appeals
Austin, Texas

Michael Darren Boydston

v

The State of Texas

From Appeal No. 10-14-00310-CR

Trial No. F48751

Johnson County

## Motion To Expand the Issues To Be Considered On the Record Of Petition For Discretionary Review

To the Honorable Judges of the Court of Criminal Appeals:

Comes now, Michael Darren Boydston, Petitioner and Appellant in the above styled Appeal number as well as Trial Cause Number and files this Motion to Expand the Issues to Be Considered on the Record of Appellants, Petition for Discretionary Review.

1

## Summary

Petitioner was convicted of Sexual Assault and Indecency with a child on September 26, 2014, Trial No. F48751, in the County of Johnson, 18th District Court, Honorable Judge John E. Neill presiding and assessed punishment of two, consecutive, life sentences, in a trial by jury. Petitioners conviction was affirmed on August 6, 2015, Appeal No. 10-14-00310-LR, in the 10th Court of Appeals, Waco, Texas. Motion for Rehearing and En banc Reconsideration denied on August 27, 2015. Petitioners, Court Appointed, Direct Appeal Attorneys brief contained three issues. As for Issue One:

Whether the trial court erred by allowing the introduction of extraneous-offense evidence during the guilt/ innocence phase of the trial.

Petitioner, pro-se, now comes forward with this motion and in support there of will briefly expound and show this court the following:

## I

Notice NOt Given, under Article 38.37 U.A.A.LLP

the State must give the Defendant thirty (30) day notice of intent to introduce evidence in the above stated Article. If allowed Petitioner will show this court there was not any notice given at all under Trial No. F48751

## II

Giglio Error, allowance of Extraneous Offense Matters brought about perjured testimony, not only from the States alleged victim, K.I., in the Extraneous Offense Matters Hearing and trial but also Jason Buchanan, the States lead Detective in the 2003 investigation. If allowed Petitioner will show this court evidence (brought about by and through trial attorneys work product) that Sharon Conrads (no. 40 on the States First Ammended Witness List, formerly with the Johnson County Childrens Advocacy Center) testimony would completely contradict what both alleged victim, K.I., and former Detective Jason Buchanons sworn testimony were during trial. Consequently, the State never called on Sharon Conrad.

3

# Conclusion

In accordance with Texas Rules of Appellate Procedure 10.2 and in support of this Motion Petitioner has enclosed, what he believes to be and is his only copies, satisfactory evidence. At this time Petitioner relies solely on memory and evidence gathered from trial counsels "work product," some of which he has never encountered before. Subsequently, petitioner will be more productive upon acquiring appellate records.

For the foregoing reasons that Petitioner feels are extremely pertinent, as well as related to Issue one of Appellants Direct Appeal, and in the Interest of Justice due to the egregiously prejudicial harm, Petitioner prays this court grant this Motion to Expand the Issues on the Record of Petition for Discretionary Review in Cause No. 10-14-00310-CR.

Michael Darren Boydston
Petitioner, Pro-Se
T.D.C.J. Institutional Division
Michael Unit
TDCJ # 1954691
Tennessee Colony, Tx. 75886

Signed this the 15th day of September, 2015.

Michael Boydston #1954691

4

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 18TH JUDICIAL DISTRICT |
| | § | |
| MICHAEL DARREN BOYDSTON | § | JOHNSON COUNTY, TEXAS |

## NOTICE OF EXTRANEOUS OFFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES THE STATE OF TEXAS, pursuant to **TEXAS CODE CRIMINAL PROCEDURE ARTICLES 38.37 and 37.07, and TEXAS RULES CRIMINAL EVIDENCE 404(B),** the State of Texas, by and through her attorney, and gives notice that during presentation of State's case in chief, or during punishment, in the above-captioned and numbered criminal action, the following crimes, wrongs or acts, other than the act alleged in the indictment, may be introduced:

1. The State would re-allege all of the facts contained in the indictment.

2. On or about July 20, 1991, the defendant committed the offense of Driving While Intoxicated in Ellis County, Texas. On or about September 18, 1991, the defendant was convicted for said offense and was sentenced to serve two (2) years community supervision in Cause Number 48006 in the County Court at Law of Ellis County, Texas. On or about April 1, 1993, the defendant's community supervision was revoked and he was sentenced to serve twenty-five (25) days in jail.

3. On or about April 20, 1992, the defendant committed the offense of Driving While Intoxicated in Johnson County, Texas. On or about September 30, 1992, the defendant was convicted for said offense and was sentenced to serve two (2) years community supervision in Cause Number M92-02179 in the County Court at Law of Johnson County, Texas.

4. On or about October 16, 1994, the defendant committed the offense Possession of Marijuana in Tarrant County, Texas. On or about January 23, 1995, the defendant was sentenced for said offense to serve two (2) years deferred adjudication in Cause Number 563979 in the County Criminal Court Number Four of Tarrant County, Texas.

5. On or about December 1, 1997, the defendant committed the offense Criminal Mischief in Tarrant County, Texas. On or about January 22, 1998, the defendant was convicted for said offense and sentenced to serve twenty (20) days in jail in Cause Number 0677408 in the County Criminal Court Number Ten of Tarrant County, Texas.

6. On or about June 7, 1998, the defendant committed the offense Criminal Trespass in Ellis County, Texas. On or about June 9, 1998, the defendant was convicted for said offense and sentenced to serve three (3) days in jail in Cause Number 9810629CR in the County Court at Law of Ellis County, Texas.

## AFFIDAVIT FOR ARREST WARRANT

THE STATE OF TEXAS

EXHIBIT "A"

COUNTY OF JOHNSON

BEFORE ME, the undersigned authority in and for the State and County aforesaid, on this day personally appeared: Det. J. Buchanan after being duly sworn deposes and says:

My name is J. Buchanan. I am a peace officer in Johnson County, Texas, employed at the Johnson County Sheriff's Office, Cleburne, Texas, and currently assigned as a criminal investigator at the Johnson County Children's Advocacy Center, Cleburne, Texas. I have good reason to believe and do believe that on or about JULY 14, 2003, 2003, one MICHAEL DARREN BOYDSTON, W/M DOB: 04-08-1973, did in the County of Johnson, State of Texas, commit the offense of INDECENCY WITH A CHILD, a violation of section 22.11 of the Texas Penal Code. This offense is classified as a Second Degree Felony. My belief is founded on the following facts I received from:

(a) My personal investigation of the facts and circumstances of the offense, and,

(b) Sharon Conrad, a Child Abuse Forensic Interviewer, for the Johnson County Children's Advocacy Center, in Johnson County, Texas, who personally participated in the investigation of this offense and provided information to me and whose information I believe to be credible and reliable, and,

(c) Kristie (a pseudonym name used per the Texas Code of Criminal Procedure), and Kristie's mother, alleged fact witnesses to this offense, who provided information of the offense and whose information I believe credible and reliable, and

1. On September 25, 2003, Inv. Petrusaitis met with Kristie's mother in regards to a sexual assault report.

2. Kristie's mother stated to Inv. Petrusaitis that on the evening of September 24, 2003, Kristie told Kristie's mother that Kristie had been sexually assaulted by a subject Kristie's mother identified to Inv. Petrusaitis as MICHAEL BOYDSTON. Kristie's mother further stated to Inv. Petrusaitis that Kristie was younger than 17 years of age.

3. Det. Buchanan arranged for Kristie to be interviewed at the Johnson County Children's Advocacy Center, Cleburne Texas, regarding the sexual abuse allegations made by Kristie.

4. On October 22, 2003, Kristie was interviewed by Sharon Conrad at the Johnson County Children's Advocacy Center in regards to the sexual abuse outcry made by Kristie.

5. Kristie stated to Sharon Conrad that during the month of July (2003) Kristie was

1

staying overnight, with a person related to Kristie, at a specific residence located in Johnson County, Texas. Kristie further stated to Conrad that while Kristie was at the said residence a family friend of the relative, later identified as BOYDSTON, came to the relative's residence late at night. Kristie stated to Conrad that Kristie thought that the subject was drunk when the subject arrived at the residence.

6. Kristie stated to Conrad that everyone else, except Kristie, was asleep at the residence when BOYDSTON arrived. Kristie stated that Kristie was awake and was laying on the couch in the living room watching the television when BOYDSTON came into the residence.

7. Kristie stated BOYDSTON touched Kristie's breast and penetrated Kristie's female sexual organ with BOYDSTON'S finger.

8. Kristie further stated to Conrad that Kristie was afraid to tell anyone about the sexual assault because BOYDSTON told Kristie that no one would believe Kristie, and that BOYDSTON told Kristie that everyone would think that Kristie was a "whore."

9. Det. Buchanan subsequently determined from Johnson County Sheriff's Office records that a subject identified as Heidi Spruiell was involved in an unrelated criminal case regarding BOYDSTON.

10. Det. Buchanan met with Heidi Spruiell during the investigation of allegations made by Kristie against BOYDSTON. Spruiell stated to Det. Buchanan that Spruiell knew BOYDSTON and that BOYDSTON had talked to Spruiell about a specific situation in which BOYDSTON had been at the residence of the relative described by Kristie.

11. Spruiell further stated to Det. Buchanan that BOYDSTON told Spruiell that BOYDSTON had "slept" with a "little girl" while BOYDSTON was at the said location.

12. Det. Buchanan believed that the "little girl" described by Spruiell was Krisite based on the description of the "little girl" BOYDSTON gave to Spruiell.

13. On February 9, 2004, Det. Buchanan met with BOYDSTON regarding the allegations made by Kristie. Det. Buchanan advised BOYDSTON of the allegations made by Kristie against BOYDSTON. BOYDSTON denied the allegations made by Kristie and ended the interview with Det. Buchanan.

14. Det. Buchanan determined from Johnson County Sheriff's Office records that BOYDSTON has been arrested on eight criminal charges, including DWI, Dangerous Drugs, and Invading Privacy.

15. Based on Det. Buchanan's training knowledge, and experience as a criminal investigator of sexual offenses, Det. Buchanan believes that MICHAEL DARREN BOYDSTON, W/M DOB: 04-08-1973 committed the felony criminal offense of SEXUAL

2

ASSAULT-CHILD, by engaging in sexual intercourse with Kristie, a child younger than 17 years of age, a violation of Texas Penal Code section 22.011, a second degree felony.

WHEREFORE, Affiant requests that an arrest warrant be issued for the above accused individual in accordance with the law.

_____
AFFIANT

SWORN and SUBSCRIBED before me on _____ Jun 23 , 2004.

Signed by:
_____
Magistrate, of the
_____
Court, Johnson County, Texas

## MAGISTRATE'S DETERMINATION OF PROBABLE CAUSE

On this the 23 day of _____ June _____, 2004, I hereby acknowledge that I have examined the foregoing affidavit and have determined that probable cause exists for the issuance of an arrest warrant for the individual accused therein.

Signed by:

_____
Magistrate, of the

_____ Court,
Johnson County, Texas

3

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS

I, Jason Buchanan, being duly sworn, do state upon my oath that:

I have good reason to believe and do believe based on the following information:

EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN;

And I charge that one MICHAEL DARREN BOYDSTON, W/M DOB: 04-08-1973, on or about JULY 14, 2003, and before the making and filing of this complaint, in the hereinafter stated Court of Johnson County, State of Texas, THEN AND THERE INTENTIONALLY OR KNOWINGLY CAUSE THE PENETRATION OF THE FEMALE SEXUAL ORGAN OF LISA, A CHILD YOUNGER THAN 17 YEARS OF AGE AND NOT THE SPOUSE OF THE DEFENDANT, BY THE MALE SEXUAL ORGAN OF THE DEFENDANT,

against the peace and dignity of the State.

_____
Affiant

SWORN TO AND SUBSCRIBED before me, on _____ June 2 ___, 2004.

Signed by:

_____
Magistrate, of the

_____
Court,
Johnson County, Texas

Katie